EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| César Rivera González<br><br>        Recurrido<br><br>               vs.<br><br>PR Retail Stores, Inc.<br>d/b/a Pitusa Tiendas por<br>Departamentos<br><br>        Peticionarios | Certiorari<br><br>2008 TSPR 98<br><br>174 DPR ____ |

Número del Caso: CC-2008-63

Fecha: 28 de mayo de 2008

Tribunal de Apelaciones:

            Región Judicial de Utuado

Juez Ponente:

            Hon. Jorge L. Escribano Medina

Abogado de la Parte Peticionaria:

            Lcdo. Ismael E. Marrero

Abogado de la Parte Recurrida:

            Lcdo. José Martínez Custodio


Materia: Despido Injustificado


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

César Rivera González

    Recurrido

       vs.                        CC-2008-63       *CERTIORARI*

PR Retail Stores, Inc.
d/b/a Pitusa Tiendas por
Departamentos

    Peticionarios

RESOLUCIÓN

San Juan, Puerto Rico a 28 de mayo de 2008

    Atendida la solicitud de *certiorari*, presentada por la parte peticionaria, se provee no ha lugar.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Rebollo López emitió Opinión disidente. El Juez Asociado señor Rivera Pérez expediría.

Dimarie Alicea Lozada
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

César Rivera González

    Recurridos

        vs.                        CC-2008-63        *CERTIORARI*

PR Retail Stores, Inc.;
d/b/a Pitusa Tiendas por
Departamentos

    Peticionarios

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 28 de mayo de 2008

La Regla 9 de Procedimiento Civil establece, en lo pertinente, que la <u>firma</u> de un <u>abogado</u> en un escrito <u>equivale</u> "... a certificar el haber leído el escrito; que de acuerdo con su mejor conocimiento, información y creencia [el mismo] está bien fundado; y que [dicho escrito] no ha sido interpuesto para causar demora u opresión". Dicha disposición reglamentaria establece, <u>además</u>, que la "...<u>violación voluntaria</u> de esta regla por parte de un abogado <u>dará lugar a la imposición de sanciones en su contra</u>". (Énfasis suplido.)

Si la <u>mera</u> firma de un abogado en un escrito establece, por decirlo así, una "presunción" de que el abogado está actuando con honestidad, corrección y de buena fe, ¿qué significado o consecuencias

debe tener la situación en que un abogado <u>afirma</u> ante el tribunal, <u>bajo juramento</u>, que no recibió determinada correspondencia?

Al contestar esta interrogante, debe mantenerse presente que si el abogado miente a esos efectos, <u>bajo juramento</u>, en un escrito que radica ante el tribunal, <u>no sólo</u> podrá ser sancionado desde un punto de vista ético <u>sino que</u> podrá ser acusado, y convicto, del delito de perjurio. Ello, <u>a nuestro juicio</u>, no sólo hace más creíble y confiable la afirmación que hace el abogado, en esta clase de situación, <u>sino que constituye prueba suficiente para rebatir la presunción que establece la Regla 16(24) de Evidencia</u>[1] <u>a los efectos de que</u> "... una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad".

Así, lamentablemente, <u>no</u> lo entiende una mayoría de los integrantes del Tribunal al <u>denegar</u> en el día hoy el recurso de *certiorari* radicado por la peticionaria PR Retail Stores, Inc. <u>Es por ello que disentimos</u>.

I

El recurrido, César Rivera González, presentó una demanda sobre despido injustificado ante la Sala Superior de Utuado del Tribunal de Primera Instancia. El 31 de mayo de 2007, el tribunal de instancia dictó sentencia declarando con lugar la demanda. Esta sentencia fue

---

[1] 32 L.P.R.A. Ap. III, R.9

notificada a las partes el 4 de junio de 2007. El 11 de junio de 2007, la peticionaria PR Retail Stores, Inc., presentó dos mociones: una moción de reconsideración y una moción solicitando determinaciones de hechos adicionales.[2] Según surge del expediente, el tribunal de instancia denegó ambas mociones, notificando dicho dictamen el 31 de agosto de 2007.

El 10 de octubre de 2007, la representación legal del demandante recurrido envió una carta al representante legal de la peticionaria PR Retail Stores solicitando el pago del importe de la sentencia. Mediante esta carta, la peticionaria alegadamente, por primera vez, advino en conocimiento de la denegatoria de sus mociones. Ese mismo día, presentó una moción urgente solicitando al tribunal una nueva notificación. El tribunal de instancia, expresando que ambas mociones habían sido resueltas el 27 de agosto de 2007 y notificadas el 31 de agosto de 2007, declaró sin lugar la moción solicitando una nueva notificación.

Posteriormente, la peticionaria presentó una "Moción al amparo de la Regla 49.2 de Procedimiento Civil" en la cual solicitó que se dejara sin efecto la notificación del 31 de agosto de 2007. En dicha moción incluyó una declaración jurada del Lcdo. Ismael E. Marrero,

---

[2] Como es sabido, y conforme establece la Regla 43.4 de Procedimiento Civil, una moción en solicitud de determinaciones de hechos adicionales interrumpe el término para apelar.

representante legal de la peticionaria, alegando que nunca recibió la notificación de la resolución mediante la cual se denegaron las referidas mociones.[3] El tribunal de instancia declaró no ha lugar la moción de relevo de sentencia bajo los siguientes fundamentos:

1. La notificación del Tribunal se envió a la dirección de récord.
   a) Todas las notificaciones anteriores fueron recibidas.

2. La notificación no fue devuelta por el servicio postal.

3. Presunción de que una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad.

Inconforme, la peticionaria acudió al Tribunal de Apelaciones mediante recurso de *certiorari*. Dicho foro se negó a expedir el auto solicitado.

Mediante el presente recurso, la peticionaria recurre ante este Foro alegando que el Tribunal de Apelaciones erró:

... al resolver que la presunción que establece la Regla 16(24) de Evidencia de Puerto Rico, no fue rebatida con la declaración jurada sometida por la parte demandada; y en tal forma, permitir el quebrantamiento del debido procedimiento de ley.

---

[3] En la fecha en que se notificó la resolución del tribunal, denegatoria de la moción bajo la Regla 43.3 de Procedimiento Civil, comenzó a decursar, nuevamente, el término que tenía la parte peticionaria para revisar la sentencia.

II

Una presunción es "una deducción de un hecho que la ley autoriza a hacer o requiere que se haga de otro hecho o grupo de hechos previamente establecidos en la acción". 32 L.P.R.A. Ap. IV, R. 13. En cuanto al efecto de una presunción en un caso civil, la Regla 14 de Evidencia, *supra,* establece que:

> En una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la presunción no ofrece evidencia para demostrar la no existencia del hecho presumido, el juzgador debe aceptar la existencia de tal hecho. Si se presenta evidencia en apoyo de la no existencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir al juzgador de que es más probable la no existencia que la existencia del hecho presumido.

La Regla 16 de Evidencia, *supra*, contiene algunas de las presunciones permitidas en nuestro ordenamiento jurídico. En lo pertinente, el Inciso (24) establece: "[q]ue una carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad".

Por su parte, la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee un mecanismo para que una parte pueda solicitar el <u>relevo</u> de una <u>sentencia, resolución u orden</u> en su contra, siempre que se cumpla con una de las causales allí enumeradas y se presente dentro de un término de 6 meses de haberse registrado la sentencia.

Al momento de evaluar la procedencia de la moción, el tribunal tiene el deber de tomar en consideración ciertos <u>criterios</u> inherentes a la regla, entre estos: a) si el peticionario tiene una buena defensa en sus méritos; b) <u>el tiempo que media entre la sentencia y la solicitud del relevo</u>; c) <u>el perjuicio que sufriría la parte contraria si se concede el relevo</u>; y (d) <u>el perjuicio que sufriría la parte promovente de no ser concedido el remedio solicitado</u>. (Énfasis suplido.) Véase: <u>Pardo Santos v. Sucesión Stella</u>, 145 D.P.R. 816, 825 (1998).

III

La moción en solicitud de relevo, radicada al amparo de las disposiciones de la citada Regla 49.2 por la parte peticionaria en el presente caso, cumple <u>de forma cabal</u> con, por lo menos, tres de los cuatro criterios que debe un tribunal considerar al resolver esta clase de moción, conforme la jurisprudencia de este Tribunal. <u>Pardo Santos v. Sucesión Stella</u>, ante. Es un hecho incontrovertible que <u>no</u> transcurrió mucho tiempo entre la orden emitida y la radicación de la solicitud de relevo. En segundo término, la parte demandante no sufre perjuicio real alguno si se concede dicha solicitud ya que, si le asiste la razón, eventualmente le será concedida la misma a nivel apelativo. Por último, no hay que abundar mucho sobre el perjuicio que sufre la parte peticionaria si se confirma la denegatoria de su moción de relevo.

De otra parte, no podemos pasar por alto, u obviar, las muchas circunstancias que pueden ocurrir, respecto al envío de correspondencia, que impiden que la misma llegue a su destino; sobre todo cuando consideramos que el factor humano está presente. Meramente a manera de ejemplo, podemos señalar: la falta de envío por personal del propio tribunal; el extravío por el propio sistema de correo; el depósito de la correspondencia en un apartado, oficina o residencia equivocado, etc.

Es por ello que, respecto a la presunción establecida por la Regla 16(24) de Evidencia, somos del criterio que la declaración jurada del abogado de la peticionaria, a los efectos de que nunca recibió dicha notificación, es suficiente para rebatir la presunción establecida por dicha disposición reglamentaria.[4]

¿De qué otra manera puede probarse que no se recibió la correspondencia? Esto es, la conclusión no puede ser de otra manera. Determinar que la afirmación hecha por un abogado, bajo juramento, de que no recibió una

---

[4] Resulta procedente señalar que el Profesor Rafael Hernández Colón --en su tratado sobre Derecho Procesal Civil; Práctica Jurídica de Puerto Rico, edición de 1997-- al comentar sobre las "otras razones" que justifican la concesión de un remedio contra los efectos de una sentencia que establece la antes citada Regla 49.2 de Procedimiento Civil, específicamente señala que incluirá la "circunstancia en que se encuentra una parte que no pueda apelar por haber transcurrido el término, pero pueda demostrar fehacientemente ... que, como cuestión de hecho, no fue notificada de la misma dentro del término para apelar." (Énfasis suplido.)

Dicho argumento o razonamiento se aplica, por analogía, la situación que plantea el presente caso.

correspondencia es insuficiente para rebatir la presunción que establece la antes citada Regla 16(24) de Evidencia, <u>equivale a devaluar a la honrosa profesión de la abogacía</u>; sobre todo cuando consideramos que se trata de un compañero que ha practicado la profesión por 38 años.

<u>No</u> podemos suscribir tal actuación. Es por ello, repetimos, que nos vemos en la obligación de disentir vehementemente.


                          FRANCISCO REBOLLO LÓPEZ
                              Juez Asociado